REQUESTED BY: Robert L. Tagg, Executive Director, Nebraska Commission on Law Enforcement and Criminal Justice.
Whether the housing of a matron near a jail facility between the hours of 12:00 midnight and 7:00 a.m., satisfies the requirements of Neb.Rev.Stat. § 47-111 (Reissue 1978) and the provisions of Jail Standard 2(2).
No.
Neb.Rev.Stat. § 47-111 (Reissue 1978) states in relevant part:
 In every county jail where there is a female prisoner, twenty-four hour supervision shall be provided by a matron appointed by the county board, whose duty it shall be to have entire charge of the female prisoners, and the board may also in its discretion appoint such matron when there is a sick prisoner or one that is a minor under the age of sixteen. Such matrons shall be under the direction of the sheriff, shall take the necessary oath before entering upon the duties of the office, and shall be paid by the board from the county treasury only for the time actually engaged.
You have inquired whether the `twenty-four hour supervision' requirement of that statute can be satisfied by the off-premises availability of a matron who could be awakened and summoned to the jail facility within a reasonably brief period of time between the hours of 12:00 midnight and 7:00 a.m. We believe the common meaning of the term `supervision' includes `a critical watching and directing (as of activities or a course of action).' Webster's New Collegiate Dictionary, G C Merriam Company, Springfield, Mass., 1979. Employing the common meaning of the term `supervision' we cannot conclude that a slumbering, off-premises matron can in any respect satisfy the requirements of § 47-111.
Furthermore, one may properly look to the Jail Standards as an appropriate implementation and amplification of state statutory requirements. In this instance Jail Standard 2(2) designates specific supervisory responsibilities to required jail personnel. Among those responsibilities is an hourly direct physical observation of prisoners. Clearly that requirement cannot be met by the situation described above.
Very truly yours,
PAUL L. DOUGLAS Attorney General
J. Kirk Brown Assistant Attorney General
APPROVED:
Paul L. Douglas
Attorney General